1  DANIEL G. BOGDEN
   United States Attorney
2  ELHAM ROOHANI
   Assistant United States Attorney
3  Lloyd D. George United States Courthouse
   333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
4  (702) 388-6336/Fax: (702) 388- 6698

```
┌─────────────────────────────────────┐
│ ⎙FILED          ___RECEIVED          │
│ ___ENTERED      ___SERVED ON         │
│            COUNSEL/PARTIES OF RECORD │
│                                      │
│          MAY - 3 2016                │
│                                      │
│        CLERK US DISTRICT COURT       │
│         DISTRICT OF NEVADA           │
│ BY:_____DEPUTY    │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

UNITED STATES OF AMERICA,            )
                                     )          2:16-mj-00215-NJK
              Plaintiff,             )
                                     )      **PETTY OFFENSE PLEA**
       vs.                           )      **AGREEMENT**
                                     )
KELLEY SUZANNE WILLIAMS,             )
                                     )
              Defendant.             )
                                     )
_____)

1.    **Defendant's Guilty Plea.**

      a.    The Defendant, Kelley Suzanne Williams, (the "Defendant") shall plead guilty to **Count One** of the Complaint – Operating a Motor Vehicle Under the Influence of Alcohol, a violation of Title 36, Code of Federal Regulations, Section 4.23(a)(1), a Class B misdemeanor.

      b.    **Withdrawal of Guilty Plea.**   The Defendant will not seek to withdraw her guilty plea after she has entered it in court.

2.    **Other Charges.**   The Government will dismiss **Count Two** – Operating a Motor Vehicle with a BAC of 0.08 Grams and Higher, a violation of Title 36, Code of Federal Regulations, Section 4.23(a)(2).

3.    **Facts Supporting Plea Agreement.**   The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

On or about September 4, 2015, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area the Defendant was observed by a National Park Ranger operating a white Nissan Altima bearing Nevada registration 7HLG485 under the influence of alcohol to a degree that rendered the Defendant incapable of safe operation. The Defendant was traveling along the front row of the Cottonwood Cove Trailer Village. The ranger observed the vehicle turn into a parking spot at trailer number 124. The ranger observed a female exit the driver's seat. The ranger made contact with the female who was identified as the Defendant. During the face to face contact with the Defendant, the ranger detected a strong odor of alcoholic beverage. The Defendant's eyes were watery and bloodshot. The Defendant's speech and balance were fair. The Defendant stated she had consumed three or four 12 ounce Bud Light beers priors to driving. The Defendant performed poorly on Field Sobriety Tests and had "Intoxilyzer 8000" test results of 0.152 grams and 0.151 grams of alcohol per 210 liters of breath, respectively..

4. **Sentencing.**

      a.     The maximum penalty for Operating a Motor Vehicle Under the Influence of Alcohol in violation of Title 36, Code of Federal Regulations, Section 4.23(a)(1) is six (6) months of imprisonment or a fine of five thousand dollars ($5,000.00) or both.

      b.     The parties jointly recommend that the Defendant shall be sentenced to unsupervised probation for a period of one (1) year with special conditions, to include:

        1. That the Defendant pay a fine in the amount of $500.00 and a mandatory $10 penalty assessment;

        2. That the Defendant perform 64 hours of community service;

        3. That the Defendant attend and complete the Lower Court Counseling's (1) DUI course and (2) Victim Impact Panel;

        4. That the Defendant be restricted from entering Lake Mead for a period of six (6) months;

        5. That the Defendant not violate any local, state or federal laws.

1

2        c.     Should the Court sentence the Defendant as recommended in Section 5(b), the

3 parties agree that if the Defendant successfully completes conditions one through four, as specified

4 in Section 5(b), and has not violated any local, state or federal laws during the *first* six (6) months of

5 her unsupervised probation, the parties shall jointly move to allow the Defendant to withdraw her

6 guilty plea to **Count One** – Operating a Motor Vehicle Under the Influence of Alcohol.  The

7 Government will move to **amend Count One** to a charge of Reckless Driving, a violation of Title

8 18, United States Code, Section 13, and Nevada Revised Statute, Section 484B.653.  The Defendant

9 will plead guilty to the **amended Count One**.  The parties will jointly agree that the same sentence

10 be applied to the Reckless Driving conviction.  However, if during the *first* six (6) months of her

11 unsupervised probation the Defendant fails to complete conditions one through four, as specified in

12 Section 5(b), or violates any local, state or federal law then her conviction for Operating a Motor

13 Vehicle Under the Influence of Alcohol will remain in effect and the Defendant shall not seek to

14 withdraw her guilty plea to **Count One.**

15        5.     **Waiver of Trial Rights.**  The Defendant acknowledges that she has been advised and

16 understands that by entering a plea of guilty she is waiving -- that is, giving up -- certain rights

17 guaranteed to all defendants by the laws and the Constitution of the United States.  Specifically, the

18 Defendant is giving up:

19        a.    The right to proceed to trial by a federal judge;

20        b.    The right to confront the witnesses against the Defendant at such a trial, and to cross-

21            examine them;

22        c.    The right to remain silent at such a trial, with assurance that her silence could not be

23            used against her in any way;

24        d.    The right to testify in her own defense at such a trial if she so chooses;

e.   The right to compel witnesses to appear at such a trial and testify on the Defendant's behalf; and

f.   The right to have the assistance of an attorney at all stages of such proceedings.

6.   **Appellate Waiver.**  By entering into this Agreement, the Defendant knowingly and expressly waives: (a) the right to appeal the sentence imposed by the Court that is the same or less than what the parties jointly agree to recommend in Section 5 of this Agreement; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.   The Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to her conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

7.   **Removal / Deportation Consequences.**   The Defendant understands and acknowledges that if she is not a United States citizen, then it is highly probable that she will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The Defendant has also been advised if her conviction is for an offense described in 8 U.S.C. § 1101(a)(43), she will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future.  The Defendant desires to plead guilty regardless of any immigration consequences that may result from her guilty

. . .

. . .

. . .

. . .

1  plea, even if the consequence is automatic removal from the United States with no possibility of

2  returning.   The Defendant acknowledges that she has specifically discussed these removal /

3  deportation consequences with her attorney.

4

5                                          DANIEL G. BOGDEN,
                                           United States Attorney
6

7  DATE  5/3/16

8                                          ELHAM ROOHANI
                                           Assistant United States Attorney
9

10  DATE  5/3/16

11                                         MACE YAMPOLSKY, ESQ.
                                           Counsel for defendant **WILLIAMS**
12

13  DATE  5/3/16

14                                         KELLEY SUZANNE WILLIAMS
                                           Defendant
15

16

17

18

19

20

21

22

23

24